[Dkt. Ent. 8]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| SCOT JOHN TOMASZEWSKI,<br><br>      Plaintiff,<br><br>            v.<br><br>CAMDEN COUNTY PARKS<br>DEPARTMENT, et al.,<br><br>      Defendants. | Civil Action No. 14-cv-06649<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon an unopposed motion

to dismiss filed by the County of Camden, Camden County Police

Department, Camden County Sheriff's Office, Camden County Parks

Department, and Camden County Public Works (the "Defendants").

(Dkt. Ent. 8.) Plaintiff Scot John Tomaszewski (the "Plaintiff")

commenced this lawsuit, alleging that Defendants removed his

campaign signs from private property in violation of his "equal

rights" and his Second Amendment rights. (See Compl. at 3.) As

relief, Plaintiff sought an order from this Court preventing

Defendants from "removing, obstructing[, and] destroying [his]

advertising signs . . . until Nov. 5, 2014 [the election]."

(Compl. at 4.) Defendants have moved to dismiss on several

grounds, including that the matter is now moot as the election

was held on November 4, 2014. In order for this Court to

exercise jurisdiction, there must be a case or controversy. See, e.g., North Carolina v. Rice, 404 U.S. 244, 246 (1971). "A case may become moot if (1) the alleged violation has ceased, and there is no reasonable expectation that it will recur, and (2) interim relief or events have 'completely and irrevocably eradicated the effects of the alleged violation.'" Finberg v. Sullivan, 658 F.2d 93, 97-98 (3d Cir. 1981) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). Here, it appears that the removed signs were returned to Plaintiff the day after they were removed, on October 27, 2014. In any event, the election has long since passed. Accordingly, it appears this matter is moot and must be dismissed.

FOR THESE REASONS, **IT IS** on this, the **24th** day of **March 2015**, hereby

**ORDERED** that, unless the Court receives a response from Plaintiff on or before April 3, 2015 that addresses the arguments set forth by Defendants in their motion to dismiss, it will dismiss the matter as moot and direct the Clerk of the Court to close the file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE